IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| KRISTINE SINK,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF IOWA and IOWA<br>DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | Case No. LACL134016<br><br><br>ORIGINAL NOTICE |
|---|---|

TO THE ABOVE-NAMED DEFENDANT:   **IOWA DEPARTMENT OF CORRECTIONS**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Paige Fiedler and Emily McCarty of Fiedler & Timmer, P.L.L.C., whose address is 2900 – 100th Street, Suite 209, Urbandale, Iowa 50322. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

**IMPORTANT:**
You are advised to seek legal advice at once to protect your interests.

## STATE OF IOWA JUDICIARY

Case No. LACL134016
County Polk

Case Title KRISTINE SINK V STATE OF IOWA ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued 11/16/2015 02:05:56 PM



District Clerk of Polk          County
/s/ Christy Wagner

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| KRISTINE SINK, | Case No. LACL134016 |
|---|---|
| Plaintiff, | |
| vs. | |
| STATE OF IOWA and IOWA DEPARTMENT OF CORRECTIONS, | **PETITION and JURY DEMAND** |
| Defendants. | |

COMES NOW the Plaintiff, Kristine Sink, and for her cause of action states the following:

## INTRODUCTION

1. This is an action under the Iowa Civil Rights Act, challenging the illegal actions directed toward the Plaintiff in her workplace.

2. Plaintiff Kristine Sink is a resident and citizen of Des Moines County, Iowa.

3. Defendants Department of Corrections and the State of Iowa are Plaintiff's employers, doing business in Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

4. On approximately November 20, 2014, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission.

5. On approximately August 19, 2015, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges of discrimination.

1

## FACTUAL BACKGROUND

6. In approximately May 30, 2003, Defendants hired Kristine as a correctional officer at the Iowa State Penitentiary in Fort Madison.

7. Iowa State Penitentiary is a maximum security prison owned and operated by the State of Iowa and Iowa Department of Corrections.

8. From 2003 to 2012, Kristine was assigned to the Clinical Care Unit (CCU), where inmates with mental illness, inmates serving life sentences, and sex offenders are imprisoned.

9. Between 2003 and 2012, Defendants arranged for inmates at Iowa State Penitentiary to watch movies and television shows that were graphically violent and sexually explicit.

10. Defendants entertained inmates with movies that included scenes of:

   a. Violent rapes;

   b. Graphic sexual activity;

   c. Dehumanization of women;

   d. Sexual acts between human beings and animals; and

   e. Hanging a woman upside down and cutting skin from her body and breast.

11. Between 2003 and 2012, Kristine repeatedly complained to Defendants about the sexually graphic content being displayed in her work area, as well as the effect this programming had on the inmates Kristine supervised.

12. The sexually graphic movies and television shows encouraged inmates to yell out sexual insults and sexual propositions to Kristine. They also encouraged inmates to publically masturbate towards Kristine.

13. Prison inmates repeatedly threatened to hurt, murder, and rape Kristine as a result of her frequent objections to Defendants' practice of entertaining prisoners with sexually violent and sexually graphic movies and television shows.

14. Inmates have repeatedly put out "hits" on Kristine's life and promised rewards to anyone who managed to kill her.

15. On November 30, 2012, Kristine filed a lawsuit against Defendants (Polk County Case No. LACL126713) objecting to the harassment, discrimination, and retaliation against her in violation of the Iowa Civil Rights Act.

16. On December 16, 2012, because of the dangers Kristine faced, Defendants transferred her to a position where she would have minimal contact with inmates.

17. Defendants moved Kristine to a position where she was screening visitors; then later to a control room position at ISP's John Bennett Unit ("JBU Control").

18. Kristine continued to work in JBU Control until September 2014.

19. Kristine's first lawsuit against Defendants went to trial beginning on September 22, 2014.

20. During the three-week trial, Kristine and her attorneys presented evidence of some of the harassment she was subjected to on a regular basis—including a videotape of an inmate masturbating towards Kristine.

21. Correctional Officer Curtis Stein testified during trial that he was the employee in the Control Room who videotaped the inmate masturbating.

22. Officer Stein also testified that Captain Dan George later approached him directed him not to record anything Kristine requested ever again.

23. Officer Stein testified that, because this request was so unusual and suspicious, he preserved the tape, placed it in his personal locker, and later gave it to Kristine.

24. Kristine also presented evidence that Captain George ordered her to re-write her report about the inmate's masturbation to delete the fact that it had been videotaped.

25. The trial ended on Friday, October 10, 2014, with a defense verdict.

3

26. Kristine returned to work on Sunday, October 12, 2014.

27. Defendants refused to allow Kristine to resume her normal job duties in JBU Control.

28. On Tuesday, October 14, Defendants directed Kristine to work in the CCU and directly supervise seventy-three inmates by herself.

29. The Sergeant on duty advised Kristine that Defendants had evidently lifted the restriction that she not have direct contact with inmates.

30. Nobody within management communicated with Kristine about the change in her job assignment or why she was no longer being protected.

31. Employees working in the Control Room informed Kristine that they could not even see her on the cameras because there were so many inmates on the unit (all of whom were free to be out of their cells 24 hours per day) and because the inmates were so much physically larger than Kristine.

32. When Kristine reported for work on Wednesday, October 15, she was directed to go straight to Warden Nick Ludwick's office.

33. Warden Ludwick said that he was having Kristine investigated and that Investigator Randy Van Wye would be in touch with her. Warden Ludwick suspended Kristine and ordered her off the premises.

34. Warden Ludwick sent all employees a memo telling them that Kristine was under investigation and was not allowed inside the institution.

35. On Friday, October 17, Defendants called Kristine in to be interrogated.

36. The summary of accusations against Kristine stated that Kristine had obtained a video of an inmate masturbating towards her, changed the wording of a disciplinary report about the

4

same masturbation incident, and provided confidential documents to a person not employed by the DOC (presumably the Polk County judge and jury).

37. During the interrogation, Investigator Randy Van Wye accused Kristine of stealing the video and/or accepting "stolen property."

38. Although Kristine's attorneys had provided the videotape, along with a signed statement from Curtis Stein explaining exactly how Kristine had obtained the tape, to Defendants on April 12, 2013, no one confronted either Kristine or Mr. Stein to accuse them of doing anything wrong or violating any policy for eighteen months.

39. On October 28, 2014, Kristine filed a Workplace Violence Complaint, asserting that the suspension and the investigation was retaliation for pursuing legal action against Defendants.

40. On October 29, 2014, Defendants required Kristine to come to the prison and be interrogated again—this time by Executive Officer Jen Foltz and Assistant Deputy Directory Robin Bagby.

41. Ms. Foltz and Ms. Bagby asked Kristine many of the same questions she had already answered over and over again.

42. For the next month-and-a-half, Kristine remained on suspension and Defendants refused to tell her how much longer the suspension might last or whether she would have a job at the end.

43. On December 3, 2014, Kristine filed another Workplace Violence Complaint, reiterating her belief that her suspension and the investigation into her was retaliatory.

44. Finally, on December 18, 2014, Kristine was called in to meet with Susie Pritchard, Director of Human Resources for the Department of Corrections.

45. Ms. Pritchard stated that the investigation had been completed and Kristine had been cleared of all wrongdoing.

46. It was agreed that Kristine would return to work on February 1, 2015.

47. Since at least November 2011, Defendants knew that Kristine's treating medical professionals had restricted her form direct contact with inmates for her own personal safety, as well as because of her mental health conditions caused by the ongoing harassment and retaliation.

48. Nevertheless, on January 20, 2015, Ms. Pritchard told Kristine that, effective April 9, 2015, she would be removed from her minimal inmate contact position in JBU Control and would have to return to work in the general population.

49. Curtis Stein was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

50. Charles Waterman was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

51. Nick Ludwick was an employee and agent of Defendants State of Iowa, acting at all material times in the scope of his employment and agency.

52. Randy Van Wye was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

53. Jen Foltz was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

54. Robin Bagby was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

55. Susie Pritchard was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

## COUNT I
## RETALIATION IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT

56. Plaintiff realleges paragraphs 1 through 55 as if fully set forth herein.

57. Plaintiff complained to Defendants about the harassment and retaliation she experienced, filed a civil rights complaint and lawsuit, tried her case, and otherwise opposed practices made unlawful by the Iowa Civil Rights Act.

58. Defendants retaliated against Plaintiff because of her complaints and opposition to harassment and discrimination.

59. Plaintiff's protected activity was a motivating factor in Defendants' retaliation against her.

60. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to lost benefits; mental and emotional distress; fear; anguish; humiliation; embarrassment; betrayal, lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for prejudgment and postjudgment interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## RETALIATION IN VIOLATION OF THE CONSTITUTION

61. Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff availed herself of her constitutional rights to petition the government, file a lawsuit, try her case, and admit evidence at trial.

63. Defendants retaliated against Plaintiff because of her protected activities in violation of the First and Fourteenth Amendments to the United States Constitution, as well as in violation of Article I, sections 9 and 20 of the Iowa Constitution.

64. Plaintiff's protected activity was a motivating factor in Defendants' retaliation against her.

65. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for prejudgment and postjudgment interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury in the above-captioned matter.

FIEDLER & TMMER, P L.L.C.

/s/ Paige Fiedler
Paige Fiedler AT 0002496
paige@employmentlawiowa.com
Emily McCarty AT 0010147
emily@employmentlawiowa.com
2900 – 100TH Street, Suite 209
Urbandale, IA 50322
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF