IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KRISTINE SINK, | * | |
| | * | 4:15-cv-456 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| STATE OF IOWA and IOWA | * | |
| DEPARTMENT OF CORRECTIONS, | * | |
| | * | ORDER |
| Defendants. | * | |

On November 13, 2015, Kristine Sink ("Plaintiff") filed a Petition against Defendants in the Iowa District Court for Polk County, Iowa, asserting claims of retaliation in violation of the Iowa Civil Rights Act ("ICRA") and the United States Constitution. Clerk's No. 1-1. Defendants removed the action to federal court on December 8, 2015. Clerk's No. 1 (citing 28 U.S.C. § 1331).

On February 4, 2016, Plaintiff filed an Amended Complaint asserting a single retaliation claim arising under the ICRA. Clerk's No. 7. On the same date, Plaintiff filed a Motion to Remand the action to state court, arguing that remand is proper because the action no longer contains any federal claims. Clerk's No. 8. On February 22, 2015, Defendants filed a "Notice of No Resistance to Plaintiff's Motion to Remand." Clerk's No. 10.

Where, as here, all federal claims supporting the Court's original jurisdiction have been dismissed, the determination of whether to retain pendent jurisdiction over state law claims lies in the sound discretion of the district court. *See generally Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) ("Under §§

1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court."). In this case, Plaintiff's Amended Complaint asserts only a state action, Defendants do not resist remand, and the litigation is in the earliest possible stage. The "principles of economy, convenience, fairness, and comity" thus weigh in favor of remanding the action to state court. *Carnegie-Mellon*, 484 U.S. at 357; *see also id*. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For the reasons stated herein, Plaintiff's Motion to Remand (Clerk's No. 8) is GRANTED. The Clerk of Court shall remand this action to the Iowa District Court in and for Polk County, Iowa.

IT IS SO ORDERED

Dated this _22nd_ day of February, 2016.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT